IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
MAY 16 2013
PATRICK KEANEY
Clerk U.S. District Court
By_____
Deputy Clerk

RICKEY WHITE, )
                                )
        Petitioner,             )
                                )
v.                              )   Case No. CIV 13-185-RAW-KEW
                                )
ANITA TRAMMELL, Warden,         )
                                )
        Respondent.             )

## OPINION AND ORDER

Petitioner Rickey White, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of Missouri, which transferred the action to this court pursuant to 28 U.S.C. §1631. Petitioner again is challenging his conviction for First Degree Murder in Choctaw County District Court Case No. CRF-81-83, based on an allegedly invalid warrant. He apparently also is claiming the petition was properly before the Missouri District Court.

The record shows that petitioner previously has challenged this conviction and sentence, and his earlier habeas corpus action was dismissed as barred by the statute of limitations. *White v. Gibson*, No. CIV 00-075-FHS (E.D. Okla. Mar. 31, 2003), *aff'd*, No. 03-7054 (10th Cir. Oct. 22, 2003). He has continued to file post-conviction applications in state court, but in 2008 the Oklahoma Court of Criminal Appeals barred him from seeking further relief from his Judgment and Sentence in CRF-81-83. *White v. State*, No. PC-2008-731 (Okla. Crim. App. Oct. 24, 2008). On April 30, 2009, the Tenth Circuit Court of Appeals denied petitioner's second motion for authorization to file a second or successive petition, finding he had "failed to make a prima facie showing of new facts." *In re White*, No. 09-7045, slip op. at 2 (10th Cir. Apr. 30, 2009). Therefore, to the extent he again is challenging his sentence, the court construes this petition as yet another successive petition arising under § 2254.

When a second or successive § 2254 . . . claim is filed in the district court

> without the required authorization from [the circuit court of appeals], the district court may transfer the matter to [the circuit] court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). *See also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases). Because petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 petition, this challenge to petitioner's sentence is dismissed for lack of jurisdiction.

**ACCORDINGLY,** petitioner's successive challenge to his sentence under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**IT IS SO ORDERED** this 16th day of May 2013.

RONALD A. WHITE
**UNITED STATES DISTRICT JUDGE**